IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

GEORGE B.,

        Plaintiff,

v.                      Civil Action No.
                             6:18-CV-1001 (DEP)

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

---

APPEARANCES:                    OF COUNSEL:

FOR PLAINTIFF

DOLSON LAW GROUP            STEVEN R. DOLSON, ESQ.
126 North Salina Street, Suite 3B
Syracuse, NY 13202

FOR DEFENDANT

HON. GRANT C. JAQUITH         LUCY WEILBRENNER, ESQ.
United States Attorney for the       Special Assistant U.S. Attorney
Northern District of New York
P.O. Box 7198
100 S. Clinton Street
Syracuse, NY 13261-7198

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

## ORDER

Currently pending before the court in this action, in which plaintiff

seeks judicial review of an adverse administrative determination by the Commissioner, pursuant to 42 U.S.C. § 405(g) are cross-motions for judgment on the pleadings.[1] Oral argument was conducted in connection with those motions on October 1, 2019, during a telephone conference held on the record. At the close of argument I issued a bench decision in which, after applying the requisite deferential review standard, I found that the Commissioner's determination did not result from the application of proper legal principles and is not supported by substantial evidence, providing further detail regarding my reasoning and addressing the specific issues raised by the plaintiff in this appeal.

After due deliberation, and based upon the court's oral bench decision, a transcript of which is attached and incorporated herein by reference, it is hereby

ORDERED, as follows:

1) Plaintiff's motion for judgment on the pleadings is GRANTED.

2) The Commissioner's determination that plaintiff was not disabled at the relevant times, and thus is not entitled to benefits under the

---

[1] This matter, which is before me on consent of the parties pursuant to 28 U.S.C. § 636(c), has been treated in accordance with the procedures set forth in General Order No. 18. Under that General Order once issue has been joined, an action such as this is considered procedurally, as if cross-motions for judgment on the pleadings had been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

Social Security Act, is VACATED.

3) The matter is hereby REMANDED to the Commissioner, without a directed finding of disability, for further proceedings consistent with this determination.

4) The clerk is respectfully directed to enter judgment, based upon this determination, remanding the matter to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) and closing this case.

_____
David E. Peebles
U.S. Magistrate Judge

Dated:  October 8, 2019
        Syracuse, NY

```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
GEORGE B.,

                                          Plaintiff,

-v-                                       6:18-CV-1001

COMMISSIONER OF SOCIAL SECURITY,

                                          Defendant.
------------------------------------------------------------x
```

**TRANSCRIPT OF PROCEEDINGS**
**BEFORE THE HONORABLE DAVID E. PEEBLES**
October 1, 2019
100 South Clinton Street, Syracuse, New York


For the Plaintiff:
(Appearance by telephone)

    LAW OFFICES OF STEVEN R. DOLSON
    126 North Salina Street
    Suite 3B
    Syracuse, New York 13202
    BY: **STEVEN R. DOLSON, ESQ.**

For the Defendant:
(Appearance by telephone)

    U.S. SOCIAL SECURITY ADMINISTRATION
    625 JFK Building
    15 New Sudbury Street
    Boston, Massachusetts 02203
    BY: **LUCY WEILBRENNER, ESQ.**


*Hannah F. Cavanaugh, RPR, CSR, NYACR*
*Official United States Court Reporter*
*100 South Clinton Street*
*Syracuse, New York 13261-7367*
*(315) 234-8545*

1               THE COURT:  Plaintiff has commenced this proceeding
2    pursuant to 42, United States Code, Section 405(g) to challenge
3    judicially the determination by the Commissioner of Social
4    Security.
5               The background is as follows:  Plaintiff was born in
6    March of 1980 and is currently 39 years old.  He was 32 years
7    old at the alleged onset of his disability on August 12, 2012.
8    The evidence is equivocal as to where he lives.  He's lived at
9    various times in Mohawk, that's at 713; Little Falls, 714; and
10   Dolgeville, according to plaintiff's brief; as well as Ilion,
11   that's at 189.  He lives with a wife, a daughter, age 15 at the
12   time of the hearing, a son, age 16 at the time of the hearing,
13   and a son, 18 at the time of the second hearing.  He's 5'11" in
14   height and weighs between 175 and 180 pounds.  He's right-hand
15   dominant.  Plaintiff has a 9th grade education and a GED.  He
16   was in regular education while in school.
17              Plaintiff last worked in August of 2012.  He went out
18   on Workers' Compensation and then was let go after failing to
19   return to work within one year of the date of his injury.  Prior
20   to 2000, plaintiff was employed in various laborer jobs in
21   paving, construction, and masonry.  From January 2003 to
22   August 2012, he was employed by Wal-Mart as an order filler and
23   a receiver/unloader.
24              Physically, plaintiff suffers from a lumbar back
25   issue stemming from a Workers' Compensation injury with

1  radiculopathy into his legs.  He underwent a bilateral
2  laminectomy at L5-S1 on October 11, 2011, from Dr. Yannick
3  Grenier.  He reinjured his back in August of 2012 and underwent
4  MRI testing on August 23, 2012, at pages 390 to 391.  It's
5  repeated elsewhere, as well, in the record showing postoperative
6  and degenerative changes at L4-L5 with central canal stenosis
7  demonstrated.  It also indicated in the report that there appear
8  to be small recurrent right and left paracentral disc
9  protrusions at L5-S1, slightly larger on the right than the
10 left.
11          Plaintiff underwent a second lumbar surgery on
12 January 22, 2013.  This was an L5-S1 discectomy with fusion from
13 Dr. Rudolph Buckley who no longer treats the plaintiff
14 apparently.  He now sees Physician Assistant Larry Martinson.
15 He also been evaluated over time by Dr. Steven Hausmann, a
16 Workers' Compensation retained physician.
17          Plaintiff did undergo physical therapy, but stopped
18 after two weeks due to increased pain.  That's at page 36.
19 Mentally, plaintiff has been in the past prescribed an
20 antidepressant, Seroquel, but does not undergo any treatment.
21 In terms of medications, plaintiff has been prescribed over time
22 Hydrocodone, Flexeril, Meloxicam, and Ibuprofen that he has
23 taken, as well.  Plaintiff was a smoker, one pack a day.  He
24 quit reportedly in 2014.
25          In terms of activities of daily living, plaintiff

1  watches television, visits family, he picks up after himself, he
2  drives, he can go outside, he grooms and dresses himself,
3  socializes with friends, walks, plays video games, and watches
4  his children.
5           Plaintiff procedurally applied for Title II
6  disability insurance benefits on March 11, 2013, alleging an
7  onset date of August 12, 2012.  He claims disability based on
8  bilateral nerve damage to his feet, a bulging disc at L4, a
9  herniated disc at L5, pain in his back, legs, and feet, and a
10 claim that he cannot lift, push, or bend.
11          A hearing was conducted by Administrative Law Judge
12 Gregory Hamel concerning plaintiff's application on April 23,
13 2014.  ALJ Hamel issued a decision on June 6, 2014, finding
14 plaintiff was not disabled at the relevant times and therefore
15 ineligible for the benefits sought.  The Social Security
16 Administration Appeals Council denied review of that decision on
17 November 13, 2015.
18          A second Title II application was filed by the
19 plaintiff protectively on December 28, 2015.  Following that, on
20 January 10, 2017, this Court issued a determination and judgment
21 vacating the Commissioner's determination and remanding the
22 matter for further proceedings.  The Social Security
23 Administration Appeals Council followed suit on April 3, 2017,
24 vacating the earlier decision pursuant to the District Court's
25 judgment and ordered consolidation of the two Title II

1  applications.

2              A second hearing was conducted by ALJ John Ramos on
3  August 15, 2017.  ALJ Ramos issued an unfavorable decision on
4  November 1, 2017.  That became a final determination of the
5  agency on July 9, 2018, when the Social Security Administration
6  Appeals Council denied plaintiff's request for a review.

7              In his decision, ALJ Ramos applied the familiar
8  five-step test for determining disability.  He first determined
9  that plaintiff's last date of insured status was March 31, 2018.
10 At step one, he concluded that plaintiff had not engaged in
11 substantial gainful activity since August 12, 2012, although he
12 noted that plaintiff did some work during that period subsequent
13 to that date.

14             At step two, ALJ Ramos concluded that plaintiff
15 suffers from severe impairments that impose more than minimal
16 limitations on his ability to perform basic work functions,
17 including degenerative disc disease of the lumbar spine.

18             At step three, however, he concluded that the severe
19 impairment did not meet or medically equal any listed
20 presumptively disabling impairments as set forth in the
21 Commissioner's regulations, specifically listing 1.04.  He then
22 surveyed the evidence and concluded that plaintiff retains the
23 residual functional capacity, or RFC, to perform light work,
24 except that he can only occasionally climb stairs, occasionally
25 balance, occasionally stoop, occasionally kneel, occasionally

1  crouch, and occasionally crawl, and he cannot climb ladders and
2  similar devices.
3          Applying that RFC at step four, plaintiff, according
4  to the ALJ, is unable to perform his past relevant work as an
5  order filler, construction laborer, and materials handler.
6          Proceeding to step five, ALJ Ramos noted that if
7  plaintiff were able to perform the full range of light work, a
8  finding of no disability would be directed by Medical-Vocational
9  Guideline Rule 202.18.  Because of the additional limitations
10 that erodes the job base on which the grids or
11 Medical-Vocational Guidelines are predicated, ALJ Ramos relied
12 on the testimony of a vocational expert to conclude that
13 plaintiff is capable of performing as a marker-retail, an order
14 caller, and linen grader, and that there are sufficient numbers
15 in the national economy of jobs falling in those categories and,
16 therefore, found that plaintiff was not disabled at the relevant
17 time times.
18         As you know, my task is limited.  The standard of
19 review that I apply is extremely deferential.  I must determine
20 whether correct legal principles were applied and the
21 determination is supported by substantial evidence.
22         The first argument raised by counsel is that the
23 instructions of the District Court and of the Social Security
24 Administration Appeals Council were not followed.  In this case,
25 the District Court directed that remand is necessary for the ALJ

1  to reevaluate the opinions of Dr. Buckley and Dr. Hausmann based
2  on a fully developed record.  The District Court went on to say
3  this may include one recontacting Dr. Buckley and/or Dr.
4  Hausmann to request clarification or additional information
5  regarding their opinions and to ordering a physical consultative
6  examination to obtain a complete opinion of plaintiff's
7  work-related physical activities and limitations.  That appears
8  at 689 of the Administrative Transcript.
9         In its subsequent decision, the Appeals Council at
10 page 698 directed that further proceedings be held consistent
11 with the order of the Court.  I agree that the failure to follow
12 instructions of the District Court and/or Appeals Council
13 constitutes reversible error.  I also agree, however, that it
14 did not necessarily require the Administrative Law Judge to do
15 all of those things and that if a proper consultative
16 examination was obtained that would fill the gaps perceived in
17 the record, that would be sufficient.
18        In this case, the ALJ did not recontact Dr. Hausmann
19 or Dr. Buckley, relying instead on Dr. Cole's consultative
20 report from February 3, 2016.  It is based on a one-time exam
21 and it is vague in its usage of terms.  Dr. Cole concluded at
22 page 962 that plaintiff suffers from a moderate restriction for
23 squatting and kneeling, a moderate restriction for heavy lifting
24 and carrying.  There is no indication in Dr. Cole's opinion
25 concerning plaintiff's ability to sit, stand, and walk and

1  whether an alternate sit/stand option is required.  There's
2  nothing in it concerning any postural limitations beyond
3  squatting and kneeling, including reaching significantly.
4        In my view, the Administrative Law Judge should've
5  recontacted Dr. Buckley.  It's unclear whether Dr. Buckley's
6  May 29, 2015, opinion that appears at page 119 supersedes the
7  August 29, 2013, opinion.  The Administrative Law Judge
8  specifically, as I looked at it, did not adequately address the
9  rejection of Dr. Buckley's opinion concerning never kneeling,
10 bending, stooping, and squatting, nor does he deal with Dr.
11 Buckley's limitation of reaching overhead and reaching at or
12 below shoulder level on an occasional basis.
13       Two of the jobs that were cited by the vocational
14 expert, order caller, which is DOT 209.667-014, and marker,
15 209.587-034, both require frequent reaching, and so I don't find
16 that that is harmless error.  There's also no explanation of why
17 the occasional stand and walk limitation that was testified to
18 by Dr. Buckley at 1127, 1128, is consistent with light work.
19 Light work under 20 C.F.R. Section 404.1567 requires a good deal
20 of walking or standing.
21       I also find that there's a stark failure to discuss
22 the opinions of Dr. Hausmann.  Those are rejected as if Dr.
23 Hausmann were simply opining on the ultimate issues and did not
24 make any functional observations, and that is simply not the
25 case.  At page 1051 of the Administrative Transcript, Dr.

1   Buckley says restrictions would be occasional standing and
2   walking, avoidance of repetitive bending and stooping, no
3   lifting in excess of 20 pounds, and the ability to change
4   positions frequently as required.  That's at 1051, and I think I
5   said that, and that's from February 2015.
6           Dr. Hausmann also, at page 1058 in the testimony,
7   stated that in his view the plaintiff would be able to do
8   occasional standing and walking, avoid repetitive bending and
9   stooping and lifting in excess of 20 pounds was recommended.
10  And that shows that it's a typographical error and that was
11  obviously not recommended.  He also recommended frequent
12  position changes in that testimony.  Further on at page 1065,
13  Dr. Hausmann states he would not be able to stoop, squat, or
14  lift anything from floor level, he would not be able to do any
15  repetitive bending.  These opinions of Dr. Hausmann were not
16  discussed at all in Judge Ramos's decision.
17          Dr. Buckley also in his August 29, 2013, opinion
18  opined that plaintiff should never lift and carry, bend, squat,
19  crawl, climb, or reach overhead.  That's at 579.  And that was
20  after plaintiff's second surgery.  On May 29, 2015, he also
21  opines light duty, but never kneel, climb, bend, stoop, squat,
22  and occasional reaching, as well as lift/carry 20 pounds
23  occasionally.  That's at 1119.  And on August 31, 2015, he
24  endorsed Dr. Hausmann's opinion concerning occasional walking
25  and standing.  That's at 1127 and 1128.

1   So I think that this matter should be returned and
2 either Dr. Buckley and Dr. Hausmann should be recontacted or, as
3 plaintiff's counsel just suggested, medical interrogatories
4 should be sent to a medical expert who can review these various
5 medical records and opine concerning plaintiff's functional
6 capacity.  I also agree, as an alternative ground for remanding,
7 that Physician Assistant Martinson's opinions, which are
8 somewhat more restrictive than the RFC, were not properly
9 addressed.  20 C.F.R. Section 404.1527F requires consideration
10 of the factors that ordinarily would be considered when
11 determining what weight to be given to a treating source's
12 opinion and an ALJ should articulate reasons for the weight
13 given.  I think the explanation given by ALJ Ramos was less than
14 wholesome and does not admit a meaningful judicial review.
15   So in sum, I'm going to grant judgment on the
16 pleadings to the plaintiff.  I do not find, despite the fact
17 that this is -- the extreme procedural history and the duration
18 over which this case has spanned, I do not find persuasive
19 evidence of disability and, therefore, I'm not going to make a
20 directed finding of disability, but I will remand the matter
21 with the instructions that I gave earlier, meaning to recontact
22 Dr. Hausmann and Dr. Buckley or to serve medical interrogatories
23 on an expert to give an opinion concerning plaintiff's
24 functional capacities.
25   Thank you both for excellent presentations and I hope

```
1    you have a good afternoon.
2              MR. DOLSON:  Thank you, Judge.
3              MS. WEILBRENNER:  Thank you, your Honor.
4              (Time noted:  2:34 p.m.)
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

CERTIFICATE OF OFFICIAL REPORTER

    I, HANNAH F. CAVANAUGH, RPR, CSR, NYACR, Official U.S. Court Reporter, in and for the United States District Court for the Northern District of New York, DO HEREBY CERTIFY that pursuant to Section 753, Title 28, United States Code, that the foregoing is a true and correct transcript of the stenographically reported proceedings held in the above-entitled matter and that the transcript page format is in conformance with the regulations of the Judicial Conference of the United States.

Dated this 3rd day of October, 2019.

x *Hannah F. Cavanaugh*
HANNAH F. CAVANAUGH, RPR, CSR, NYACR
Official U.S. Court Reporter